# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JEAN GERMAIN          *

Plaintiff          *

v          *          Civil Action No. JFM-16-2685

BOBBY P. SHEARIN          *

Defendant          *
        ***

## MEMORANDUM

In response to the above-entitled civil rights complaint, defendant moves to dismiss or for summary judgment. ECF 14. Plaintiff opposes the motion and moves for appointment of counsel. ECF 17 & 18. The court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, defendant's motion, construed as a motion to dismiss, shall be granted and plaintiff's motion for appointment of counsel shall be denied.

### Background

Plaintiff Jean Germain is a prisoner committed to the custody of the Department of Public Safety and Correctional Services and incarcerated at North Branch Correctional Institution ("NBCI"). Plaintiff filed the instant complaint following an appeal to the Fourth Circuit Court of Appeals in Civil Action JFM-13-2267, which concerned the same claim. *See Germain v. Shearin*, Civil Action JFM-13-2267 (D. Md.) at ECF 61 (Judgment of USCA affirming as modified the judgment of this court). Plaintiff claims that during Ramadan 2013, which began on July 9, 2013 and ended on August 5, 2013, defendant Bobby Shearin, who was the warden at NBCI, violated correctional policy that requires officials to provide all fasting Muslims with a wholesome breakfast as a pre-dawn meal and a lunch-dinner combination meal after sunset. ECF 1 at p. 3. He claims that Shearin "approved a policy of starving inmates of the Islamic faith

who participated during Ramadan 2013 by providing them with only one wholesome meal a day." *Id.* at pp. 3 – 4.

Plaintiff was signed up to participate in Ramadan in 2013. He claims that as a result of the policy of being provided with only one meal per day, he was "forced to forfeit the benefits that come with participating in the North Branch Ramadan program." ECF 1 at p. 5. He claims he suffered weight loss, severe hunger pangs, lightheadedness, headaches, and emotional distress. *Id.* He further claims that because of the extreme physical weakness caused by the lack of food, he was unable to perform daily prayers and had to stop fasting. *Id.*

Following this court's judgment in favor of defendant in plaintiff's 2013 civil case, he filed a notice of appeal with the Fourth Circuit Court of Appeals. *See Germain v. Shearin*, Civil Action JFM-13-2267 (D. Md.) at ECF 54. The appellate court noted that exhaustion of administrative remedies is mandatory under the Prisoner Litigation Reform Act (PLRA), reviewed the procedures in place at NBCI for processing administrative remedies, and concluded that:

> Germain states that he filed his appeal to the Commissioner on August 4, 2013. Accordingly, the Commissioner was required to mail Germain Part C five days after the date of receipt. The most conservative estimate for this date is August 9, 2013. Germain signed his complaint on July 30, 2013, a day before his re-submitted request was denied. On August 5, 2013, his complaint was docketed by the Clerk's Office in the District of Maryland. Accordingly, Germain necessarily failed to wait for the Commissioner to send him Part C.
>
> Failing to wait for this five day period to expire shows that Germain did not so much as attempt to exhaust his administrative remedies before filing this lawsuit. Exhaustion has not occurred and dismissal is warranted when an institution's appeal process necessarily must continue after the filing of the complaint. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (stating that First, Second, Third, Seventh, Eleventh, and D.C. Circuits follow this rule); *see also Jackson v. D.C.*, 254 F.3d 262, 269 (D.C. Cir. 2001); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *French v. Warden*, 442 Fed. App'x 845, 846 (4th Cir. Aug. 12, 2011) (stating that "based on the dates of his initial grievance and the filing of the complaint in this action, [the inmate]

could not have completed the grievance process before he filed suit in the district court.").

Moreover, Germain's failure to wait the full five days renders his professed excuse for failing to file a grievance untenable. This case does not implicate any of the scenarios envisaged by the Supreme Court in *Ross*.[1] First, the record shows that Germain did not reach a dead end in the administrative process but rather circumvented it by filing prematurely. Second, the process at issue in the instant appeal is not so incomprehensible that no reasonable inmate could understand it: the five day period is a part of the orderly structure that allows NBCI's administrative process to function effectively. Finally, the third scenario is not implicated because Germain's failure to wait for Part C was not the result of any misconduct on the part of NBCI officials.

*Germain*, Slip Op. No. 15-6050 (4th Cir. 2016)(unpublished) at 11-12 (record citations omitted). The appellate court then modified this court's judgment, noting that dismissal for failure to exhaust administrative remedies is "without prejudice to [Germain's] right to refile should exhaustion become complete." *Id.* at 13.

In the instant complaint, plaintiff claims that despite not being issued a receipt from the Commissioner of Correction for the appeal of the warden's dismissal of his administrative remedy procedure complaint ("ARP"), he filed a complaint with the Inmate Grievance Office ("IGO"). ECF 1 at p. 7. He does not indicate what action was taken by the IGO with respect to his complaint; rather, he simply observes that "the IGO consistently denies plaintiff relief by either ignoring plaintiff's grievances or by dismissing them without a hearing on bogus grounds." *Id.*

### Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The Supreme Court articulated the proper framework for analysis:

---

[1] *Ross v. Blake,* _U.S._, 136 S.Ct. 1850 (2016).

3

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (*abrogated on other grounds*). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Board of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327(1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnotes omitted).

This standard does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 561. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 562. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles Cty Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979).

### Analysis

Defendant raises the affirmative defense of non-exhaustion and assert the complaint must be dismissed pursuant to 42 U.S.C. §1997e. Inmates are required to exhaust "such administrative remedies as are available" before filing an action. 42 U.S.C. § 1997e(a), *see also Ross v. Blake*, _U.S._, 136 S.Ct. 1850, 1858 (2016) (An inmate "must exhaust available remedies, but need not exhaust unavailable ones."). The statute provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette,* 517 F.3d 717, 725 (4th Cir. 2008).

Exhaustion is mandatory. *Ross*, 136 S.Ct. at 1857, *Jones v. Bock*, 549 U.S. 199, 219 (2007). A court may not excuse a failure to exhaust. *Ross*, 136 S. Ct. at 1856, citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion"). The purpose of exhaustion is to: 1) allow a prison to address complaints about the program it administers before being subjected to suit; 2) reduce litigation to the extent complaints are satisfactorily resolved; and 3) prepare a useful record in the event of litigation. *Jones,* 549 U.S. at 219. An inmate's failure to exhaust administrative remedies is an affirmative defense; defendant bears the burden of proving that he had remedies

available to him of which he failed to take advantage. *Jones,* 549 U.S. at 211–12, 216; *Moore,* 517 F.3d at 725.

In *Ross v. Blake,* 136 S. Ct. at 1850, the Supreme Court of the United States identified three kinds of circumstances in which an administrative remedy is unavailable. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 1859. Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* The third circumstance arises when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.*

In Maryland, filing a request for administrative remedy ("ARP") with the warden of the prison is the first of three steps in the ARP process. *See* Code of Md. Regs. ("COMAR"), tit. 12 §07.01.04. The ARP request must be filed within 30 days of the date on which the incident occurred, or within 30 days of the date the inmate first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. COMAR, tit. 12 §07.01.05A. If the request is denied, a prisoner has 30 calendar days to file an appeal with the Commissioner of Correction. COMAR, tit. 12 §07.01.05C. If the appeal is denied, the prisoner has 30 days to file a grievance with the Inmate Grievance Office. *See* Md. Corr. Servs., Code Ann. §§10-206, 10-210; COMAR, tit. 12 §§ 07.01.03 and 07.01.05B.

Complaints are reviewed preliminarily by the Inmate Grievance Office ("IGO"). *See* Md. Corr. Servs., Code Ann. §10-207; COMAR, tit. 12 §07.01.06A. If a complaint is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. Md. Corr.

Servs., Code Ann. §10-207(b)(1); *see* COMAR, tit. 12 §07.01.07B. The order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. Md. Corr. Servs., Code Ann. §10-207(b)(2)(ii). However, if a hearing is deemed necessary by the IGO, the hearing is conducted by an administrative law judge with the Maryland Office of Administrative Hearings. *See* Md. Cts. & Jud. Proc., Code Ann. §10-208(c); COMAR tit. 12 §07.01.07-.08. The conduct of such hearings is governed by statute. *See* Md. Corr. Servs., Code Ann. § 10-208.

A decision of the administrative law judge denying all relief to the inmate is considered a final agency determination. However, a decision concluding that the inmate's complaint is wholly or partly meritorious constitutes a recommendation to the Secretary of DPSCS, who must make a final agency determination within fifteen days after receipt of the proposed decision of the administrative law judge. *See* Md. Corr. Servs., Code Ann. §10-209(b)-(c).

The final agency determination is subject to judicial review in Maryland State court, so long as the claimant has exhausted his/her remedies. *See* Md. Corr. Servs., Code Ann. §10-210. An inmate need not seek judicial review in State court in order to satisfy the PLRA's administrative exhaustion requirement. *See, e.g., Pozo*, 286 F.3d at 1024 ("[A] prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court.").

Defendant asserts that plaintiff did not follow all the steps required to exhaust administrative remedies. ECF 14-1 at pp. 5 – 7.

In his opposition response, plaintiff claims that on July 14, 2016, after he received the Fourth Circuit's decision, he was in the "IGO room" at NBCI for a video conference with his public defender. ECF 17-1 at p. 2. He states that Mr. Durst, the IGO coordinator for NBCI, Sgt.

Zais, Officer Lambert and Officer Beeman were in the room. *Id.* When plaintiff related his concerns regarding the appellate decision in his case and the exhaustion issue, Sgt. Zais told him that he could not file another ARP about the 2013 Ramadan issue because the issue had already been resolved through the ARP process. *Id.* at p. 3. Plaintiff claims that when he stated that he could have filed a new complaint with the IGO thirty days after the date his lawsuit was dismissed by the Fourth Circuit, Zais and Durst responded that the IGO no longer had jurisdiction over Warden Shearin because he no longer worked for the Department of Public Safety and Correctional Services. *Id.* at p. 4. Plaintiff further states that he "took their concerns to mean that I could proceed with my civil claim without having to start the administrative remedy process anew." *Id.*

Plaintiff has failed to offer a valid reason for his failure to exhaust administrative remedies. His interpretation of what was stated to him by correctional employees, neither of whom is tasked with providing him with legal advice,[2] is insufficient to find that administrative remedies were unavailable as defined by the Supreme Court in *Ross*. The appellate decision issued in plaintiff's 2013 case makes clear that he filed his civil suit prematurely and refiling of the underlying claim could only take place if plaintiff exhausted administrative remedies. Plaintiff has not done so. As such, the issue regarding the steps plaintiff took in an effort to exhaust administrative remedies regarding Ramadan is a matter of *res judicata*.[3] The complaint must be dismissed.

A separate order follows.

_August 30, 2017_     _[signature]_

---

[2] The court notes that plaintiff was appointed counsel for purposes of his appeal of the 2013 civil case.

[3] The doctrine of res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (citing *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986).

8

Date                              J. Frederick Motz
                                  United States District Judge